# EXHIBIT A

to Notice of Removal

Electronically FILED by Superior Court of California, County of Los Angeles on 11/12/2020 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk
20TRCV00815
Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Gary Tanaka

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

**Orlando Garcia,**

Plaintiff,

**v.**

**Ayres-Hawthorne, L.P.,** a Delaware Limited Partnership; and Does 1-10,

Defendants,

**Case No.** 20TRCV00815

**Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act

Plaintiff Orlando Garcia complains of Ayres-Hawthorne, L.P, a Delaware Limited Partnership, and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from cerebral palsy. He has the use of only one arm. He uses a wheelchair, walker, or cane for mobility.

2. Defendant of Ayres-Hawthorne, L.P. owns and operates the Ayres

1

Complaint

Hotel Manhattan Beach/Hawthorne, located at 14400 Hindry Ave., Hawthorne, California currently and at all times relevant to this complaint.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION:**

4. This Court has subject matter jurisdiction over this action as a court of general jurisdiction. This Court has personal jurisdiction over Defendants because they conduct substantial business in the State of California, County of Los Angeles, and Defendant's offending Website is available throughout California.

5. Venue it proper in this Court because Defendant conducts business in this County.

6. Unlimited jurisdiction is proper because Plaintiff seeks a permanent injunction ordering compliance with the Americans with Disabilities Act.

**PRELIMINARY STATEMENT**

7. This is a lawsuit challenging the reservation policies and practices of a place of lodging. Plaintiff does not know if any physical or architectural barriers exist at the hotel and, therefore, is not claiming that that the hotel has

violated any construction-related accessibility standard. Instead, this is about the lack of information provided on the hotel's reservation website that would permit plaintiff to determine if there are rooms that would work for him.

8. After decades of research and findings, Congress found that there was a "serious and pervasive social problem" in America: the "discriminatory effects" of communication barriers to persons with disability. The data was clear and embarrassing. Persons with disabilities were unable to "fully participate in all aspects of society," occupying "an inferior status in our society," often for no other reason than businesses, including hotels and motels, failed to provide information to disabled travelers. Thus, Congress decided "to invoke the sweep of congressional authority" and issue a "national mandate for the elimination of discrimination against individuals with disabilities," and to finally ensure that persons with disabilities have "equality of opportunity, full participation, independent living" and self-sufficiency.

9. As part of that effort, Congress passed detailed and comprehensive regulations about the design of hotels and motels. But, as importantly, Congress recognized that the physical accessibility of a hotel or motel means little if the 61 million adults living in America with disabilities are unable to determine which hotels/motels are accessible and to reserve them. Thus, there is a legal mandate to provide a certain level of information to disabled travelers.

10. But despite the rules and regulations regarding reservation procedures, a 2019 industry article noted that: "the hospitality sector has largely overlooked the importance of promoting accessible features to travelers."

11. These issues are of paramount important. Persons with severe disabilities have modified their own residences to accommodate their unique needs and to ameliorate their physical limitations. But persons with disabilities are never more vulnerable than when leaving their own residences and having

to travel and stay at unknown places of lodging. They must be able to ascertain whether those places work for them.

**FACTUAL ALLEGATIONS:**

12. Plaintiff planned on making a trip in January 2021 to the Hawthorne, California, area.

13. He chose the Ayres Hotel Manhattan Beach/Hawthorne, located at 14400 Hindry Ave., Hawthorne, California because this hotel was at a desirable price and location.

14. Plaintiff needs an accessible guestroom. He needs clearance around beds, he needs accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets. He needs sufficient maneuvering clearance in and around the guestroom. He needs accessories to be located within an accessible reach range. In short, he benefits from and needs compliant accessible guestroom features.

15. Plaintiff went to the Ayres Hotel Manhattan Beach/Hawthorne reservation website at https://www.ayreshotels.com/ seeking to book an accessible room at the location on November 2, 2020.

16. Plaintiff found that there was little information about the accessibility of the rooms. For example, under the "ADA Queen Accessible" room description it mentions features such as: "Grab bars", "Peep holes at 48", "Slide shower heads", "Lever tub and vanity faucets (not knobs"), "Window curtain pulls with handles", "Lever door handles", "36" paths of travel" "Seats in bathtubs", "Desks with appropriate knee clearance and overall height that is code compliant", and "Lowered bathroom features." These vague and conclusory statements offer little detail. For example, there is no specific

information on whether the toilet has an accessible transfer space, if the sink is accessible, or if the room has accessible clear floor space.

17. The defendant's reservation system failed to identify and describe the accessible features in the guestroom chosen by the plaintiff in enough detail to reasonably permit him to assess independently whether the particular guestroom met his accessibility needs. The photos that accompany those rooms do not show accessible features.

18. This lack of information created difficulty for the plaintiff and the idea of trying to book this room -- essentially ignorant about its accessibility -- caused discomfort for the Plaintiff.

19. Plaintiff would like to patronize this hotel but is deterred from doing so because of the lack of detailed information through the hotel's reservation system. Plaintiff not only travels frequently but is always on the lookout for businesses that violate the law and discriminate against him and other persons with disabilities, intending to have them comply with the law and pay statutory penalties.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

20. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

21. Under the ADA, it is an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges advantages or accommodations to person with disabilities unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the those goods,

services, facilities, privileges advantages or accommodations. See 42 U.S.C. §
12182(B)(2)(A)(ii).

22. Specifically, with respect to reservations by places of lodging, a
defendant must ensure that its reservation system, including reservations
made by "any means," including by third parties, shall:

        a. Ensure that individuals with disabilities can make
reservations for accessible guest rooms during the same
hours and in the same manner as individuals who do not
need accessible rooms;

        b. Identify and describe accessible features in the hotels and
guest rooms offered through its reservations service in
enough detail to reasonably permit individuals with
disabilities to assess independently whether a given hotel
or guest room meets his or her accessibility needs; and

        c. Reserve, upon request, accessible guest rooms or specific
types of guest rooms and ensure that the guest rooms
requested are blocked and removed from all reservations
systems.

*See* 28 C.F.R. § 36.302(e).

23. Here, the defendant failed to modify its reservation policies and
procedures to ensure that it identified and described accessible features in the
hotels and guest rooms in enough detail to reasonably permit individuals with
disabilities to assess independently whether a given hotel or guest room meets
his or her accessibility needs and failed to ensure that individuals with
disabilities can make reservations for accessible guest rooms during the same
hours and in the same manner as individuals who do not need accessible
rooms.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

25. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

26. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, failing to comply with the ADA with respect to its reservation policies and practices.

27. Because the violation of the Unruh Civil Rights Act resulted in difficulty and discomfort for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).

Dated: November 10, 2020

CENTER FOR DISABILTY ACCESS

By:__________________________
Russell Handy, Esq.
Attorneys for Plaintiff

SUM-100

# SUMMONS
(CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
**Ayres-Hawthorne, L.P.**, a Delaware Limited Partnership;and Does 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):
**Orlando Garcia**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

**¡AVISO!** Lo han demandado. Si no responde dentro de 30 dias, la corte puede decider en su contra sin escuchar su version. Lea la information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entrguan esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entrgue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tine que estar en formato legal correcto si desea que procesen su caso an la corte. Es possible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en al Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remission a abogados. Si no puede pagar a un abogado, es possible que cumpla con los requisitos para obtener servivios legals gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) or poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pager el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Los Angeles County Superior Court
(El nombre y direccion de la corte es):
825 Maple Ave.
Torrance, CA 90503
Torrance Courthouse.

CASE NUMBER:
(Numero del Caso):
20TRCV00815

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):
Russell Handy., Center for Disability Access, 8033 Linda Vista Road, Suite 200 San Diego, CA 92111
(858) 375-7385

Sherri R. Carter Executive Officer / Clerk of Court

DATE: (Fecha) 11/12/2020 Clerk, by (Secretario) E. Johnston, Deputy (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

[Seal]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ Other (specify):
4. ☐ by personal delivery on (date):

Electronically FILED by Superior Court of California, County of Los Angeles on 11/12/2020 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk
20TRCV00815
CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Russell Handy, Esq., SBN 195058
Center for Disability Access
Mail: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111
Delivery: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111
TELEPHONE NO.: (858) 375-7385 FAX NO.: (888) 422-5191
ATTORNEY FOR (Name): Plaintiff, Orlando Garcia

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 825 Maple Ave.
MAILING ADDRESS: 825 Maple Ave.
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Torrance Courthouse

CASE NAME: Garcia v. Ayres-Hawthorne, L.P.

## CIVIL CASE COVER SHEET

☑ Unlimited (Amount demanded exceeds $25,000)
☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 20TRCV00815
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 2: Americans with Disabilities Act, Unruh Civil Rights Act
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/10/2020
Russel Handy, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**Page 1 of 2**
Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SHORT TITLE: Garcia v. Ayres-Hawthorne, L.P. | CASE NUMBER 20TRCV00815

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 3-5 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE: Garcia v. Ayres-Hawthorne, L.P. | CASE NUMBER 20TRCV00815 |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☑ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

SHORT TITLE: Garcia v. Ayres-Hawthorne, L.P. | CASE NUMBER 20TRCV00815

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action (Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Garcia v. Ayres-Hawthorne, L.P. | CASE NUMBER 20TRCV00815 |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. ☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS: 14400 Hindry Ave. |
|---|---|---|---|
| CITY: Hawthorne | STATE: CA | ZIP CODE: 90250 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Torrance courthouse in the SOUTHWEST District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 11/10/2020

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
11/12/2020
Sherri R. Carter, Executive Officer / Clerk of Court
By: E. Johnston Deputy

COURTHOUSE ADDRESS:
Torrance Courthouse
825 Maple Avenue, Torrance, CA 90503

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
20TRCV00815

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Gary Y. Tanaka | B | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 11/12/2020 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By E. Johnston, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>11/16/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: M. Fondon Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | |
| PLAINTIFF(S):<br>Orlando Garcia | |
| DEFENDANT(S):<br>Ayres-Hawthorne, L.P., a Delaware Limited Partnership | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>20TRCV00815 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on 02/18/2021 at 8:30 AM in department B of this court, Torrance Courthouse, and show cause why sanctions should not be imposed for:

[✔] Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔] To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

**Gary Y. Tanaka**

Dated: 11/16/2020

Gary Y. Tanaka / Judge
Judicial Officer

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/16/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: M. Fondon Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | |
| PLAINTIFF/PETITIONER:<br>Orlando Garcia | |
| DEFENDANT/RESPONDENT:<br>Ayres-Hawthorne, L.P., a Delaware Limited Partnership | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20TRCV00815 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Torrance, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Russell Clive Handy
Potter Handy LLP
8033 Linda Vista Road, Suite 200
San Diego, CA 92111

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/16/2020

By: M. Fondon
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
11/16/2020
Sherri R. Carter, Executive Officer / Clerk of Court
By: M. Fondon Deputy

COURTHOUSE ADDRESS:
Torrance Courthouse
825 Maple Avenue, Torrance, CA 90503

PLAINTIFF:
Orlando Garcia

DEFENDANT:
Ayres-Hawthorne, L.P., a Delaware Limited Partnership

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
20TRCV00815

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 05/06/2021 | 8:30 AM | B |

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Gary Y. Tanaka

Dated: 11/16/2020

Gary Y. Tanaka / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in Torrance, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Russell Clive Handy
8033 Linda Vista Road, Suite 200
San Diego, CA 92111

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/16/2020

By M. Fondon
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

NOTICE OF CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

Electronically FILED by Superior Court of California, County of Los Angeles on 12/11/2020 01:47 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
TELEPHONE NO.: (858) 375-7385 FAX NO. (Optional): (888) 422-5191
E–MAIL ADDRESS (Optional): general@potterhandy.com
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 825 Maple Ave.
MAILING ADDRESS: Torrance, CA 90503
CITY AND ZIP CODE: .
BRANCH NAME: Torrance Courthouse

PLAINTIFF/PETITIONER: Garcia

DEFENDANT/RESPONDENT: Ayres-Hawthorne, L.P. et al

CASE NUMBER: 20TRCV00815

Ref. No. or File No.: Garcia v. Ayres-Hawthorne, L.P et al

# PROOF OF SERVICE OF SUMMONS

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet (served in complex cases only)
   e. ☐ cross-complaint
   f. ☒ other (specify documents): SEE ATTACHED LIST OF DOCUMENTS SERVED
3. a. Party served (specify name of party as shown on documents served):

   Ayres-Hawthorne, L.P., a Delaware Limited Partnership

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

   Agent for Service of Process: Donald B Ayres Jr
4. Address where the party was served:

   14400 Hindry Ave, Hawthorne, CA 90250
5. I served the party (check proper box)
   a. ☐ *by personal service.* I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): (2) at (time):
   b. ☒ *by substituted service.* On (date): 11/30/2020 at (time): 12:13 pm I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

   David Legarce -manager

   (1) ☒ *(business)* a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ *(home)* a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ *(physical address unknown)* a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): 12/01/2020 from (city): San Diego *or* ☒ a declaration of mailing is attached.

   (5) ☒ I attach a *declaration of diligence* stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Garcia<br>DEFENDANT/RESPONDENT: Ayres-Hawthorne, L.P. et al | CASE NUMBER:<br>20TRCV00815 |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* (2) from *(city):*
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant. (415.10)
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify):* Ayres-Hawthorne, L.P., a Delaware Limited Partnership
   under the following Code of Civil Procedure section:
   ☐ 416.10 (corporation)
   ☐ 416.20 (defunct corporation)
   ☐ 416.30 (joint stock company/association)
   ☒ 416.40 (association or partnership)
   ☐ 416.50 (public entity)
   ☐ 415.95 (business organization, form unknown)
   ☐ 416.60 (minor)
   ☐ 416.70 (ward or conservatee)
   ☐ 416.90 (authorized person)
   ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name: Jose Diaz
   b. Address: 30 N 1st St #8, Alhambra, CA 91801
   c. Telephone number: (626) 375-5246
   d. **The fee** for service was: $ 35
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor.
   (ii) Registration No.:
   (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: Dec 7, 2020

Choose Server
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

Jose Diaz
(SIGNATURE )

Attorney or Party without Attorney (Name and Address):
CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
Telephone No.: (858) 375-7385
Fax No.: (888) 422-5191
Attorney for Plaintiff

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF

SHORT TITLE CASE:
Garcia v. Ayres-Hawthorne, L.P et al

PLAINTIFF: Garcia

DEFENDANT: Ayres-Hawthorne, L.P. et al

## AFFIDAVIT OF REASONABLE DILIGENCE

Case No.: 20TRCV00815

I, Jose Diaz, declare I am a Registered Process Server and was retained by Armada Prime. I was on the dates mentioned herein over the age of eighteen years and not a party to this action. I am authorized to serve legal process in the State of California. The following facts are within my personal knowledge and if sworn as a witness I can and will truthfully and competently testify thereto.

I attempted to serve the following documents: **SEE ATTCHED LIST OF DOCUMENTS SERVED**

Name of party served: Ayres-Hawthorne, L.P., a Delaware Limited Partnership

**11/25/20, 3:10 pm**
355 Bristol St STE A , Costa Mesa, CA 92626
Unsuccessful Service Attempt.

**11/27/20, 5:00 pm**
355 Bristol St STE A , Costa Mesa, CA 92626
Unsuccessful Service Attempt.

**11/30/20, 12:13 pm**
14400 Hindry Ave, Hawthorne, CA 90250
Unsuccessful Service Attempt. I was able to serve manager David Legarce. Age: 65; Ethnicity: Caucasian: Gender: Male; Weight: 150; Height: 5'7"; Hair: White; Eyes: Brown

**Process Server:** Jose Diaz
**Armada Prime**
**8033 Linda Vista Rd, Suite 200**
**San Diego, CA 92111**
**(213) 761-5477**

**[ X ]** **Registered California Process Server**
**Registration Number:**
**County**
Fee for service: $ 35

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: Dec 7, 2020

Signature: Jose Diaz

<table>
<tr><td colspan="2">Attorney or Party without Attorney (Name and Address):<br>CENTER FOR DISABILITY ACCESS<br>Raymond G. Ballister, Jr. SBN 111282<br>8033 Linda Vista Rd, Suite 200<br>San Diego, CA 92111<br>Telephone No.: (858) 375-7385<br>Fax No.: (888) 422-5191<br>Attorney for Plaintiff</td><td></td></tr>
<tr><td colspan="2">Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF</td><td></td></tr>
<tr><td colspan="2">SHORT TITLE CASE:<br>Garcia v. Ayres-Hawthorne, L.P et al</td><td></td></tr>
<tr><td colspan="2">PLAINTIFF: Garcia</td><td></td></tr>
<tr><td colspan="2">DEFENDANT: Ayres-Hawthorne, L.P. et al</td><td></td></tr>
<tr><td>PROOF OF SERVICE BY MAIL</td><td colspan="2">Case No.: 20TRCV00815</td></tr>
</table>

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. I served copies of the following documents: **SEE ATTCHED LIST OF DOCUMENTS SERVED**

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

   a. Date of Mailing: 12/01/2020

   b. Place of Mailing: San Diego, California

   c. Addressed as follows:
   Ayres-Hawthorne, L.P.
   Agent For Service Of Process: Donald B Ayres Jr
   14400 Hindry Ave, Hawthorne, CA 90250

I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid at San Diego, California in the ordinary course of business.

**Armada Prime**
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
**(213) 761-5477**
**Admin@ArmadaPrime.com**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: 12/01/2020 Signature: ______________________

Case Short Name (File Reference):

Garcia v. Ayres-Hawthorne, L.P et al

Case Number: 20TRCV00815

# DOCUMENTS SERVED

- [x] SUMMONS & COMPLAINT
- [x] CIVIL CASE COVER SHEET
- [x] CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
- [ ] VERIFICATION FOR COMPLAINT
- [ ] NOTICE OF CASE MANAGEMENT CONFERENCE
- [x] NOTICE OF CASE ASSIGNMENT
- [ ] INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES
- [x] ADR INFORMATION PACKAGE
- [ ] STIPULATION TO PARTICIPATE IN ADR
- [ ] DISPUTE RESOLUTION PROGRAMS ACT CONTRACTORS
- [ ] IMPORTANT INFORMATION FOR BUILDING OWNERS & TENANTS
- [ ] NOTICE TO DEFENDANT
- [ ] REQUEST TO WAIVE COURT FEES
- [ ] ORDER ON COURT FEE WAIVER
- [x] VOLUNTARY EFFICIENT LITIGATION
- [x] STIPULATION - EARLY ORGANIZATION MEETING
- [x] STIPULATION – DISCOVERY RESOLUTION
- [x] STIPULATION AND ORDER – MOTIONS IN LIMINE
- [x] INFORMAL DISCOVERY CONFERENCE
- [ ] ORDER TO SHOW CAUSE HEARING
- [ ] NOTICE TO PLAINTIFF(S) / COUNSEL
- [ ] ORDER PURSUANT TO CCP 1054(A) EXTENDING TIME TO RESPOND
- [ ] TO ATTORNEY OF RECORD
- [ ] NOTICE TO LITIGANTS
- [ ] DEPARTMENT SE-C LAW & MOTION PROCEDURES
- [ ] ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS [PER CALIFORNIA CIVIL CODE 55.3(B)(1)(A)]
- [ ] LIMITED JURISDICTION CASE MANAGEMENT PROCEDURES AND INSTRUCTIONS
- [ ] CERTIFICATE OF COUNSEL
- [ ] LOS ANGELES SUPERIOR COURT POLICY
- [ ] NOTICE OF STATUS CONFERENCE
- [ ] CLERK'S CERTIFICATE OF MAILING
- [ ] CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
- [ ] NOTICE OF CASE MANAGEMENT REVIEW
- [ ] DEFENDANT'S APPLICATION FOR STAY & EARLY EVALUATION CONFERENCE PER CIVIL CODE 55.54 OR JOINT INSPECTION
- [ ] NOTICE OF STAY & EARLY EVALUATION CONF OR JOINT INSPECTION (Disability Access Litigation)AND ADVISORY NOTICE TO DEFENDANT [PER CALIFORNIA CIVIL 55.54(A)(1)]
- [ ] APPLICATION FOR MANDATORY EVALUATION CONFERENCE
- [ ] CONFIDENTIAL COVER SHEET AND DECLARATION RE DOCUMENTS FOR STAY AND EARLY EVALUATION CONFERENCE
- [ ] GENERAL ORDER
- [ ] PROOF OF SERVICE – DISABILITY ACCESS LITIGATION
- [ ] NOTICE OF ASSIGNMENT TO IMAGING DEPARTMENT
- [ ] OTHER: